**O**

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIANA M. MARLEY,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK; CALIFORNIA RECONVEYANCE COMPANY,<br><br>Defendants. | ) | Case No. CV 13-02320 DDP (Ex)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. No. 7.] |

Presently before the court is Defendants JPMorgan Chase Bank, N.A.("JPMorgan") and California Reconveyance Company ("CRC")'s Motion

to Dismiss. Having considered the parties' submissions,[1] the court adopts the following order.

**I. Background**

Plaintiff Diana Marley is a California resident. (Compl. ¶ 12.) Defendant JPMorgan Chase Bank ("JPMorgan") is a California corporation and a national banking association, which claims to be the owner and/or creditor of Plaintiff's mortgage and promissory note. (Id. ¶ 13.) Defendant California Reconveyance Company("CRC") is a California corporation, which is alleged to be a trustee of Plaintiff's deed of trust. (Id. ¶ 14.)

Plaintiff contends she owns 2049 Carfax Avenue, Long Beach, CA 90815[2] ("Subject Property"). ( Id. ¶ 2.) On December 8, 2006, Plaintiff "conducted a consumer transaction, including but not limited to a Note and Deed of Trust," with Washington Mutual Bank, F.A. listed as the lender. ( Id. ¶ 20; See Exh. A, Deed of Trust.)

---

[1] Defendants' Motion was originally set to be heard on June 17, 2013, meaning that under Local Rule 7-9, Plaintiff's Opposition was due on May 27, 2013. On June 20, 2013, Plaintiff filed a motion for enlargement of time. The court issued a minute order stating that Defendants Opposition was due on July 22, 2013, and Plaintiff's reply due on July 29, 2013. The court corrected this order on July 9, 2013, stating that Plaintiff's Opposition was due on July 22, 2013, and Defendants' Reply was due on July 29, 2013. On July 26, 2013, Plaintiff filed an Opposition of 32 pages in length, not including exhibits. Plaintiff's Opposition was not filed within the deadline and the court need not consider it under L.R. 7-12. Additionally, the memorandum in opposition exceeded the maximum length of 25 pages as established by L.R. 11-6. Nonetheless, the court will consider the opposition because there is a "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

[2] The Complaint also refers to a different address: 5045 W. Chicago Circle South. (16.) However, the exhibits to the Complaint use the Carfax address. See, e.g. Exh. A (Deed of Trust). Based on those documents, the court believes that the property at the only property in question.

That Deed of Trust indicates that "Borrower owes Lender Five hundred sixty thousand and 00/100 ($560,000) plus interest." (Compl., Exh. A, at (E).) In March 2007, Plaintiff's "consumer transaction" was sold to Washington Mutual Asset Corporation. (Id. ¶ 21.) On March 7, 2007, it was sold into the secondary market through securitization to WMALT 2007-OA3. (Id. ¶ 21.) Washington Mutual collapsed and was purchased by JPMorgan. (Id. ¶ 23). However, Plaintiff alleges that JPMorgan's purchase did not include the consumer account of the Plaintiff. (Id. ¶ 23.)

Plaintiff seeks to quiet title to the Subject Property. Throughout her Complaint she asserts that she has not defaulted on the Subject Loan. (See, e.g., id. ¶ 10.) She also alleges claims against Defendants under the following causes of action: (1) Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), (2) Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6), (3) Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, (4) Rosenthal Act, Cal. Civ. Code § 1788, et seq., (5) breach of contract, and (6) California Civil Code §§ 2943, 2924h(g).

**II. Judicial Notice**

Defendants request that the court take judicial notice of nine documents that are matters of public record: (1) A Grant Deed recorded with the Los Angeles County Recorder's Office as instrument number 00-0926192, (2) A Grant Deed recorded with the Los Angeles County Recorder's Office as instrument number 03 3242821, (3) A deed of Trust recorded with the Los Angeles County Recorder's Office as instrument number 20070025378, (4) A true and correct copy of the Purchase and Assumption Agreement (the "P & A Agreement") whereby Defendant acquired certain assets of Washington Mutual Bank, F.A.

from the FDIC acting as receiver, including the Loan, available for retrieval at http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf. (5) An Assignment of Deed of Trust recorded with the Los Angeles County Recorder's Office as instrument number 20101666887, (6) A Notice of Default recorded with the Los Angeles County Recorder's Office as instrument number 20100065667, (7) A Notice of Trustee's Sale recorded with the Los Angeles County Recorder's Office as instrument number 20110274655, (8) A Notice of Rescission recorded with the Los Angeles County Recorder's Office as instrument number 20121463523, (9) A Notice of Trustee's Sale recorded with the Los Angeles County Recorder's Office as instrument number 20121463524, (10) A Notice of Default recorded with the Los Angeles County Recorder's Office as instrument number 20122031379, (11) A Notice of Default recorded with the Los Angeles County Recorder's Office as instrument number 20130336402.

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986). Documents (1)-(3) and (5)-(11) are public records of the Orange County Recorder's Office such that their authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Furthermore, it is appropriate to take judicial notice of information obtained from governmental websites, rendering it "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Paralyzed Veterans of America v. McPherson, 2008 WL 4183981,

*5-*6 (N.D. Cal., Sept. 9, 2008)(collecting cases). Document (4) is available at a government website and therefore appropriate for judicial notice.

Consequently, this court GRANTS Defendants' unopposed request for judicial notice of Documents (1)-(11).

**III. LEGAL STANDARD**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a

complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**IV. DISCUSSION**

A. Quiet Title

To maintain an action to quiet title a plaintiff's complaint must be verified and must include (1) a description of the property including both its legal description and its street address or common designation; (2) the title of plaintiff as to which determination is sought and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which a determination is sought and, if other than the date the complaint is filed, a statement why the determination is sought as of that date; and (5) a prayer for determination of plaintiff's title against the adverse claims. See Cal. Code Civ. Pro. § 761.020. The purpose of a quiet title action is to settle all conflicting claims to the property and to declare each interest or estate to which the parties are entitled. Newman v. Cornelius, 3 Cal.App.3d 279, 284 (1970). In addition to the required elements for a quiet title action, a borrower cannot quiet title to a Property without discharging any debt owed. Miller v. Provost, 26 Cal. App.4th 1703 (1994)(holding: a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee); see also Aguilar v. Bocci, 39 Cal.App.3d 475 (1974) ("The cloud upon [one's] title persists until the debt is paid").

Plaintiff appears to assert that she does not owe a debt to any defendant. (Compl. ¶¶ 3, 11; Opp. at 18-19.) However, by her own admission, there is a cloud on her title. (Opp. at 18-19.)

Additionally, Plaintiff has not offered any explanation as to the public documents provided by Defendants indicating that she is in default for over $90,000. (RJN Doc. 9.) She asserts in a conclusory fashion that "[b]ased on defendants' own proffered documents, and the evidence appearing in the county recorder's office the documents appearing contains erroneous claims of ownership by a party not making such claim." (Opp. at 18.)

For the above-mentioned reasons, the court DISMISSES this claim with prejudice.

B. TILA

Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Accordingly, TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).

TILA provides that an "action [for damages] . . . may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has held that the one-year window for filing a TILA damages claim generally "runs from the date of consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986).

Here, Plaintiff alleges that Defendants violated TILA by failing

to provide a disclosure that the Subject Loan was transferred to a different entity. (Compl. ¶ 50.) The latest alleged violation occurred, if at all, on or about November 18, 2010, more than two years prior to the date on which Plaintiff initiated this action. (RJN Doc. 5.) Accordingly, Plaintiff's claim is time barred.

In some cases, the doctrine of equitable tolling suspends the applicable limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915. Courts must consider the applicability of equitable tolling whenever a complaint, liberally construed, alleges facts showing the "potential applicability of the equitable tolling doctrine." Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993).

Where a borrower does not allege that she was somehow prevented from comparing her loan documents with TILA's disclosure requirements within the limitation period, equitable tolling is not available. See Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996); Feliciano v. Wash. Mut. Bank, F.A., No. 09-CV-01304, 2009 WL 2390842, at *4 (E.D. Cal. August 3, 2009). Here, Plaintiff has not alleged any facts that would warrant equitable tolling of her claim. The claim is therefore DISMISSED with prejudice.

C. FDCPA

The FDCPA seeks to curtail abusive collection practices by debt collectors. 15 U.S.C. § 1692. The term "debt collector," and thus the FDCPA, does not apply, however, to mortgage holders, mortgage loan servicers, or foreclosure activities. Usher v. Greenpoint Mortgage Funding, Inc., No. CIV S-10-0952 LKK DAD, 2010 WL 4983468 at *7 (E.D. Cal. Dec. 2, 2010); Lobato v. Acqura Loan Servs. , No.

11cv2601 WDH, 2012 WL 607624 at *5 (S.D. Cal. Feb. 23, 2012). The debt referred to by Plaintiff as being collected by Defendants is the Notice of Trustee Sale, dated 12/08/2006. (Compl., Exh. B.) Thus, the only debt involved appears to be a home loan taken out by Plaintiff. "However, the law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or the FDCA." Gamboa v. Tr. Corps, 09-0007 SC, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009). See also Hamilton v. Bank of Blue Valley, 746 F.Supp. 2d 1160, 1176-77 (E.D. Cal. 2010).

Accordingly, Plaintiff's FDCPA claim is DISMISSED with prejudice.

D. Rosenthal Act

Liability under the Rosenthal Fair Debt Collection Practices Act can exist only where a "debt collector" is engaged in "debt collection." Cal. Civ. Code § 1788.2(c). Although "the mere allegation that a defendant foreclosed on a deed of trust does not implicate the Rosenthal Act," a remedy may be available "[w]here the claim arises out of debt collection activities 'beyond the scope of the ordinary foreclosure process.'" Austero v. Aurora Loan Servs., Inc., No. C-11-00490, 2011 WL 1585530, at *9 (N.D. Cal. Apr. 27, 2011)(quoting Walters v. Fidelity Mortgage of Cal., Inc., 730 F. Supp. 2d 1185, 1203 (E.D. Cal. 2010)).

Here, however, Plaintiff has not alleged sufficient facts to support a claim beyond the scope of the ordinary foreclosure process. Her Complaint contains only conclusory statements that appear to stem largely from her wrongful foreclosure claim. In her Opposition, on the other hand, she contends that Defendants violated the RFDCPA by making "misrepresentations to credit agencies concerning consumers' credit history." (Opp. at 23.)

Accordingly, because Plaintiff might be able to adequately plead an RFDCPA claim, the court dismisses her fifth cause of action with leave to amend. The court notes, however, that Plaintiff must allege sufficiently relevant and specific facts, if she chooses to amend this claim.

E. RESPA

The Real Estate Settlement Procedures Act ("RESPA") defines a Qualified Written Request ("QWR") as "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error, or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Under RESPA, mortgage loan servicers must respond to QWRs from a borrower or an agent of the borrower. 12 U.S.C. § 2605(e)(1)(A). "[A] QWR must address the servicing of the loan, and not its validity." Consumer Solutions REO, LLC v. Hillery, 658 F.Supp. 2d 1002, 1014 (N.D.Cal. 2009).

Here, Plaintiffs submitted a QWR dated January 16, 2013. (Compl. Exh. C.) Defendants responded to the QWR. (Compl. ¶ 31 and Exh. D.) The court does not agree with Defendants that the QWR addresses only the validity of the loan and not of the servicing of the loan; the QWR does address the validity of the loan, but it also requests information relevant to the loan's servicing (including payments to interest, principal, escrow advances, and expenses). However, it appears that the deficiency of Defendants' response as alleged in the Complaint concerns the validity of the loan. (Compl. ¶ 64 ("Defendants did not respond within 20 days to Plaintiff's request for the name of the owner and holder of the alleged Note . . . . [D]efendants provided a mere duplicate copy of the publicly

recorded Note from the Los Angeles County Recorders' office.").) Because this deficiency addresses the validity of the loan, and not the servicing of the loan, Plaintiff has not stated a claim under this cause of action.

For these reasons, the court DISMISSES this claim with leave to amend.

F. Breach of Contract

To state a claim for breach of contract, a plaintiff must allege "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." Wall St. Network, Ltd. v. New York Times Co., 164 Cal. App. 4th 1171, 1178 (2008). Here, Plaintiff does not establish her full performance under the Deed of Trust or any excuse for nonperformance. Judicially noticeable documents establish she was in default of over $90,000 on the Subject Loan, but she provides no excuse for this failure to perform. (RJN Docs. 9-11.) Additionally, judicially noticeable documents indicate that Defendants gave notice to Plaintiff of Default and Trustee Sale. (RJN Docs. 6-7 and 9-11.) Plaintiff therefore has not established a breach by Defendants.

For these reasons, the court GRANTS with prejudice the unopposed motion to dismiss this claim.

G. Cal. Civ. Code § 2943, 2924h(G)

Plaintiff does not oppose the dismissal of the claim under Cal. Civ. Code § 2943, and the court agrees with Defendants that it is not clear how the provision relates to Plaintiff's Complaint. Accordingly, that claim is DISMISSED.

Under California Civil Code § 2943, a beneficiary must respond to a written demand within 21 days of receipt and provide a "true,

correct, and complete copy of the note or other evidence of indebtedness with any modification thereto, and a beneficiary statement." Here, judicially noticeable documents establish that the beneficiary under the Subject Loan was not Defendants but U.S. Bank, National Association, as of November 17, 2010. Accordingly, Defendants cannot be liable for any alleged untimely response. The claim under this section is also DISMISSED with prejudice.

**V. Conclusion**

For the reasons stated above, the court GRANTS the motion to dismiss in its entirety. Plaintiff has leave to amend her claims under the Rosenthal Act and RESPA. Any amended complaint shall be filed within 14 days of this order.

IT IS SO ORDERED.

Dated:August 27, 2013

DEAN D. PREGERSON
United States District Judge